ORDERED UNSEALED on 7/2/25   s/ andreasar

SEALED

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BENITO JESUS LOPEZ RIOS (1),<br>JOSHUA ISIAH TRUJILLO (2),<br>ANGEL GASPAR (3),<br>JOVANNIE SANCHEZ (4),<br>JULIUS SANCHEZ (5),<br><br>Defendant(s). | Case No.:   25-mj-03503<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 21, U.S.C., Sec. 841(a)(1) and 846 – Conspiracy to Distribute Cocaine (Felony)<br>Title 21, U.S.C., Secs. 952, 960, and 963 – Conspiracy to Import Cocaine (Felony)<br>Title 21, U.S.C., Secs. 952, 960, and 963 – Importation of Cocaine (Felony)<br>Title 21, U.S.C., Sec. 841(a)(1) and (b)(1) – Distribution of Cocaine (Felony);<br>Title 21, U.S.C., Sec. 841(a)(1) – Possession with Intent to Distribute of Cocaine (Felony); and Title 18, U.S.C., Sec. 2 – Aiding and Abetting (Felony) |

The undersigned complainant being duly sworn states:

### COUNT ONE

On or about December 13, 2024, within the Southern District of California, Defendants BENITO JESUS LOPEZ RIOS, JOSHUA ISIAH TRUJILLO, ANGEL GASPAR, JOVANNIE SANCHEZ, AND JULIUS SANCHEZ did knowingly and intentionally conspire with each other and other persons known and unknown to distribute five kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

### COUNT TWO

On or about December 13, 2024, within the Southern District of California, Defendants BENITO JESUS LOPEZ RIOS and JOSHUA ISIAH TRUJILLO did

knowingly and intentionally conspire with each other and other persons known and unknown to import five kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952, 960, and 963.

## COUNT THREE

On or about December 13, 2024, within the Southern District of California, Defendants BENITO JESUS LOPEZ RIOS and JOSHUA ISIAH TRUJILLO did knowingly and intentionally import five kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960; and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about December 13, 2024, within the Southern District of California, Defendants BENITO JESUS LOPEZ RIOS, JOSHUA ISIAH TRUJILLO, ANGEL GASPAR, JOVANNIE SANCHEZ, AND JULIUS SANCHEZ did knowingly and intentionally possess with intent to distribute five kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A); and Title 18, United States Code, Section 2.

//
//
//
//
//
//
//
//

The complainant states that this complaint is based on the attached statement of facts which is incorporated herein by reference.

_____
Samantha Hix
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 20th day of June, 2025.

_____
HON. DANIEL E. BUTCHER
UNITED STATES MAGISTRATE JUDGE

## STATEMENT OF FACTS

I, FBI Special Agent Samantha Carlyle Hix, declare under penalty and perjury that the following statement is true and correct to the best of my knowledge, information, and belief. This statement is based on my knowledge, including reports and other written materials furnished to me by, and conversations with, other law enforcement officers or agents. It does not include every fact known to me or other agents regarding the offense(s), investigation, or the defendant's arrest. All dates and times are approximate.

On December 13, 2024, officers were conducting surveillance on a black Dodge Ram (black Ram). The black Ram crossed into the United States via the San Ysidro Port of Entry the same day at 3:18 a.m. During the crossing, the driver of the black Ram was identified as Benito Jesus LOPEZ Rios. Officers initiated mobile surveillance of the black Ram as it departed from the San Ysidro Port of Entry and observed the vehicle drive to a residence located at 5954 Hughes Street, San Diego, CA, 92115. Officers observed the black Ram back into the driveway of the residence and partially into the garage. They also observed an individual identified as Joshua Isiah TRUJILLO exit a white Hyundai Sonata that was parked outside, and then enter the 5954 Hughes Street residence.

Officers then observed LOPEZ and TRUJILLO moving around and leaning in and out of the cabin of the Ram, and a large object being removed from the backseat.

At approximately 5:39 a.m., officers observed the black Ram depart the 5954 Hughes Street residence and drive to a parking lot near Darnall Charter School located at 6020 Hughes Street, San Diego, CA 92115. Officers observed the black Ram park next to a white Chevrolet Blazer (white Blazer). The white Blazer was already present in the parking lot. Shortly thereafter, officers observed two unidentified subjects exit the black Ram, transfer bags from the black Ram into the rear cargo area of the white Blazer, reenter the black Ram, and depart the parking lot.

Officers continued surveillance on the white Blazer and observed it fail to yield at several stop lights. At approximately 6:24 a.m., officers conducted a traffic enforcement stop on the white Blazer. The driver of the white Blazer, identified as Angel GASPAR,

drove into the Chevron Gas Station located at 7070 Clairemont Mesa Boulevard, San Diego, CA 92111. While executing the traffic enforcement stop, officers discovered Julius SANCHEZ and Jovannie SANCHEZ were passengers in the vehicle.

GASPAR indicated that the vehicle belonged to his mother, and subsequently consented to a search of the vehicle. Law enforcement officers conducting the traffic stop requested assistance of a narcotics certified K-9. Upon arrival, the K-9 conducted a sniff of the white Blazer and alerted to the odor of narcotics in the rear area of the vehicle.

During a search of the vehicle, officers identified two black plastic trash bags and a white reuseable shopping bag with multi-colored dots in the rear cargo compartment of the vehicle. These bags matched those taken from the black Ram. Inside the first plastic trash bags, law enforcement officers discovered 2 bricks of suspected cocaine. Inside the second black plastic trash bag, law enforcement officers discovered 18 bricks of suspected cocaine. Inside the reuseable shopping bag, law enforcement officers discovered 14 bricks of suspected cocaine. Law enforcement officers tested one sample brick from each of the three bags via a TruNarc laser device and determined that each sample brick tested positive for cocaine. The total gross weight of the suspected cocaine was 38 kilograms.

As the white Blazer was being searched, officers observed the white Hyundai previously driven by TRUJILLO parked across the street. Based on my training and experience and the facts of this case, I believe TRUJILLO was alerted to the traffic stop and returned to confirm the drugs had been seized.

GASPAR consented to an interview by law enforcement officers and subsequently indicated that he received a $1,000 payment to transport narcotics from the San Diego, California area to an unknown address in Anaheim, California. GASPAR was instructed to park his vehicle on the morning of December 13, 2024 at an unknown park near his house in National City and leave the keys in the vehicle. The vehicle was later returned to him by an unidentified individual. GASPAR planned to pay Julius SANCHEZ and Jovannie SANCHEZ $300 each to accompany him as it was his first time transporting narcotics.

Based on my training and experience and the facts of this case, I believe LOPEZ and TRUJILLO removed drugs from the black Ram and transferred it to Blazer and GASPAR.

### REQUEST FOR SEALING

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.